1  David M. Newman (# 246351)
     dnewman@afrct.com
2  ANGLIN, FLEWELLING, RASMUSSEN,
     CAMPBELL & TRYTTEN LLP
3  301 N. Lake Avenue, Suite 1100
   Pasadena, California 91101-4158
4  Tel: (626) 535-1900 | Fax:  (626) 577-7764

5  Attorneys for Defendants
   WELLS FARGO BANK, N.A.
6  ("Wells Fargo")

7

8                UNITED STATES DISTRICT COURT

9               CENTRAL DISTRICT OF CALIFORNIA

10

11  AMANY SIMMONDS,                    CASE NO.:

12          Plaintiff,                 **WELLS FARGO'S NOTICE OF
                                       REMOVAL 28 U.S.C §§ 1441(b) &
13                                     1332 [DIVERSITY JURISDICTION]**

14     v.

15  WELLS FARGO BANK, N.A. and
16  DOES 1 through 100, inclusive,

17

18

19

20  **TO PLAINTIFF THROUGH HER COUNSEL OF RECORD, THE CLERK**

21  **OF THE ABOVE-ENTITLED COURT AND THE HONORABLE UNITED**

22  **STATES DISTRICT JUDGE, AS ASSIGNED:**

23         **PLEASE TAKE NOTICE** that defendant WELLS FARGO BANK, N.A.

24  (successor by merger with Wells Fargo Bank Southwest, N.A., f/k/a Wachovia

25  Mortgage, FSB, f/k/a World Savings Bank, FSB) ("Wells Fargo"), hereby provides

26  this Notice of Removal pursuant to U.S.C. §§ 1441(b) & 1332, based on diversity

27  of citizenship.  The action is hereby removed to this Court from the state court, as

28  more particularly set forth below.

*ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP*

## 1.    THE STATE COURT ACTION

On January 30, 2017, plaintiff commenced an action entitled *Amany Simmonds v Wells Fargo Bank, N.A.*, in the Superior Court of the State of California, County of Orange, Case No. 30-2017-00900269-CU-OR-CJC (the "State Court Action").  Defendant Wells Fargo did not appear in the State Court Action.  A copy of the Complaint is attached hereto as **Exhibit A**.  Attached collectively hereto as **Exhibit B** are all other documents in Wells Fargo's possession from the State Court Action.

## 2.    DIVERSITY OF CITIZENSHIP

This Court has jurisdiction of this case under 28 U.S.C. § 1332 because the citizenship of the parties is entirely diverse and the amount in controversy exceeds $75,000.00.

**A.    Plaintiff's Citizenship**

Plaintiff is a California citizen based on domicile, as she pleads ownership and residency of her home, located 11 Style Drive, Aliso Viejo, California 92656 - *i.e.,* the subject property in this action ("Property"). (Compl. ¶1, Ex. B [Deed of Trust] at 14, ¶32).

Plaintiff's citizenship is also demonstrated by her personal bankruptcy filing in this District.  On January 7, 2015, Plaintiff filed a Voluntary Chapter 13 Petition in the United States Bankruptcy Court, Central District of California, Petition No. 8:15-bk-10083-CB.  Attached as **Exhibit C** is a true and correct copy of the bankruptcy petition.  Plaintiff averred that her street address is 11 Style Drive, Aliso Viejo, California 92656 and her county of residence was Orange County.  At the section entitled "Information Regarding the Debtor - Venue" on page two of the Petition, she checked as the applicable box that "Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District."  Ex. C, p 2.  That domicile made this

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1  district the appropriate venue for a personal bankruptcy under 28 U.S.C. § 1408

2  and further establishes that Plaintiff is a citizen of the State of California for

3  diversity purposes.

4        Further, the Complaint is verified, and therefore plaintiff attests under oath

5  that he reside in Orange County.  (Compl., ¶1; p. 14:1-19).

6        A "notice of removal need only include a plausible allegation" of the

7  plaintiff's citizenship.  *See Dart Cherokee Basin Operating Co., LLC v. Owens*,

8  135 S. Ct. 547, 554 (2014) (applying standard to amount in controversy).

9        Upon information and belief, plaintiff in this action reside in California with

10  the intention to remain indefinitely.  "A person's domicile is her permanent home,

11  where she resides with the intention to remain or to which she intends to return."

12  *See e.g.*, *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. Cal. 2001);

13  *Heinz v. Havelock*, 757 F. Supp. 1076, 1079 (C.D. Cal. 1991) (residence and

14  property ownership is a factor in domicile for diversity jurisdiction); *State Farm*

15  *Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) ("Residence alone is

16  not the equivalent of citizenship, but the place of residence is prima facie **the**

17  **domicile**.").

18  **B.**    **Defendant Wells Fargo Bank, N.A.'s Citizenship**

19        Effective December 31, 2007, World Savings Bank, FSB, changed its name

20  to Wachovia Mortgage, FSB.  (**Exhibit D** [Nov. 19, 2007 OTS Letter].)  Effective

21  November 1, 2009, Wachovia Mortgage, FSB, was converted to Wells Fargo Bank

22  Southwest, N.A., and merged into Wells Fargo Bank, N.A.  (**Exhibit E** [Nov. 1,

23  2009 OCC Certification Letter].)  The citizenship of the surviving entity from a

24  merger, here Wells Fargo Bank, N.A., is used to determine citizenship.  *Meadows*

25  *v. Bicrodyne Corp.*, 785 F.2d 670, 672 (9th Cir. 1986) (using citizenship of

26  surviving entity for diversity).

27        Pursuant to 28 U.S.C. § 1348, Wells Fargo, as a national banking

28  association, is a citizen of the state where it is "located."  In 2006, the United

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1   States Supreme Court, after a thorough examination of the historical versions of

2   § 1348 and the existing case law, held that "a national bank, for § 1348 purposes, is

3   a citizen of the State in which its main office, as set forth in its articles of

4   incorporation, is located." *Wachovia Bank v. Schmidt*, 546 U.S. 303, 306-307

5   (2006).

6       Wells Fargo, with its main office located in Sioux Falls, South Dakota, is a

7   citizen of South Dakota.  Attached hereto as **Exhibit F** are true and correct copies

8   of the Articles of Association and the FDIC Profile for Wells Fargo Bank, National

9   Association, as issued by the Office of the Comptroller of the Currency,

10  Administrator of National Banks, reflecting that Wells Fargo (at Article II, § 1) has

11  its main office in Sioux Falls, South Dakota.  *See Rouse v. Wachovia Mortgage,*

12  *FSB*, 747 F.3d 707, 715 (9th Cir. 2014) ("under § 1348, a national banking

13  association is a citizen only of the state in which its main office is located"); *Wells*

14  *Fargo Bank, N.A. v. WMR e-PIN, LLC*, 653 F.3d 702, 710 (8th Cir. Sept. 2, 2011);

15  *Mireles v. Wells Fargo Bank N.A.*, 845 F. Supp. 2d 1034, 1059-61 (C.D. Cal.

16  2012); *DeLeon v. Wells Fargo Bank, N.A.*, 729 F. Supp. 2d 1119, 1124 (N.D. Cal.

17  2010); *Nguyen v. Wells Fargo Bank, N.A.*, 749 F. Supp. 2d 1022, 1028 (N.D. Cal.

18  2010) ("Wells Fargo is a citizen of South Dakota for purposes of diversity.");

19  *Quiroga v. Wells Fargo Bank, N.A.*, 2014 U.S. Dist. LEXIS 58129, at *2-*3 (N.D.

20  Cal. Apr. 25, 2014) ("Accordingly, Wells Fargo is a citizen only of South Dakota,

21  where its main office is located.").

22          **3.   AMOUNT IN CONTROVERSY**

23      Generally, "[t]he amount in controversy is determined from the allegations

24  or prayer of the complaint."  Schwarzer et al., Fed. Civ. Pro. Before Trial, ¶ 2:450

25  (2009) (citing *St. Paul Mercury Indem. Co., v. Red Cab Co.*, 303 U.S. 283, 289

26  (1938), which held that an inability to recover an amount adequate to give the court

27  jurisdiction does not oust the court of jurisdiction).

28      "In actions seeking declaratory or injunctive relief, it is well established that

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1   the amount in controversy is measured by the value of the object of the litigation."

2   *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977) (superseded

3   by statute on other grounds as stated in *United Food & Commer. Workers Union*

4   *Local 751 v. Brown Group*, 517 U.S. 544, 557 (1996)); see also, *Chapman v.*

5   *Deutsche Bank Nat. Trust Co.*, 651 F.3d 1039, 1045 n. 2 (9th Cir. 2011) ("Here,

6   the object in litigation is the Property, which was assessed at a value of more than

7   $200,000, and therefore satisfies the amount-in-controversy requirement");

8   *Garfinkle v. Wells Fargo Bank*, 483 F.2d 1074, 1076 (9th Cir. 1973) (treating the

9   value of real property as the amount in controversy in an action to enjoin a

10  foreclosure sale). "If the primary purpose of a lawsuit is to enjoin a bank from

11  selling or transferring property, then the property is the object of the litigation."

12  *Reyes v. Wells Fargo Bank, N.A.*, 2010 U.S. Dist. LEXIS 113821, *12-13 (N.D.

13  Cal. June 29, 2010). Where a complaint seeks to invalidate a loan secured by a

14  deed of trust, the amount in controversy is the loan amount. *Nguyen, supra,* 749 F.

15  Supp. 2d at 1028-1029 (citing *Cabriales,* 2010 U.S. Dist. LEXIS 24726 at *9-10

16  and *Craver v. Nat'l City Bank,* 2009 U.S. Dist. LEXIS 98333 , at *3 (E.D. Cal.

17  Oct. 22, 2009)). In *Nguyen*, the plaintiff sought to quiet title by cancelling the deed

18  of trust and note on the property and sought rescission of the $712,000.00 loan. *Id.*

19          Moreover, "'[i]n actions seeking declaratory or injunctive relief, it is well

20  established that the amount in controversy is measured by the value of the object of

21  the litigation.' 'If the primary purpose of a lawsuit is to enjoin a bank from selling

22  or transferring property, then the property is the object of the litigation.'" *Reyes v.*

23  *Wells Fargo Bank, N.A.*, 2010 U.S. Dist. LEXIS 113821, at *12-*13 (N.D. Cal.

24  June 29, 2010). *See also, Chapman v. Deutsche Bank Nat'l Trust Co.*, 651 F.3d

25  1039, 1045 n.2 (9th Cir. 2011) (per curiam) (in an action seeking injunctive relief,

26  the "amount in controversy is measured by the value of the object of the litigation"

27  (citation and internal [**2] quotation marks omitted)). *O'Connor v. Bank United*,

28  594 Fed. Appx. 329 (9th Cir. 2015). In *O'Conner,* contrary to the plaintiff's

1    contention, the district court had subject matter jurisdiction because the amount in

2    controversy was satisfied.  *See* 28 U.S.C. § 1332 (setting forth requirements for

3    diversity jurisdiction).

4        On March 16, 2007, Plaintiff borrowed $626,400 from Wells Fargo's

5    predecessor, World Savings Bank, FSB ("World Savings") which was

6    memorialized by a promissory note and secured by the Property.  See Compl. ¶3,

7    Ex. B (Deed of Trust).  Sometime in 2009, Plaintiff began having difficulty

8    making her loan payments and sought a loan modification.  (Compl. ¶9.)  Plaintiff

9    was unable to obtain a loan modification because she did not qualify for one.  As a

10   result, plaintiff defaulted on the loan.

11       Plaintiff now seeks ". . . an order  cancelling all Notices of Default… all

12   Notices of Trustee Sales (Compl., ¶32; Prayer for Relief, ¶¶2, 3) and to quiet title

13   (Prayer for Relief, ¶5) preventing Wells Fargo from enforcing its rights under the

14   $626,400.00 loan and securing deed of trust.  Plaintiff also seeks compensatory,

15   special, general and punitive damages.  (Compl. ¶¶40, 49; Prayer for Relief, ¶6)

16       Thus, should Plaintiff prevail in this action, she would retain title to the

17   Property without any encumbrances, and enjoin Wells Fargo from taking any

18   action under its secured interest in the Property – which would result in a loss of, at

19   a minimum, the original principal loan amount of $626,400.00.  Consequently, as

20   in *Nguyen* and *Taguinod,* the loan amount which Plaintiff seeks to extinguish and

21   the value of the Property clearly exceed the $75,000.00 amount in controversy

22   threshold.

23                    **4.   TIMELINESS**

24       This Notice is timely pursuant to 28 U.S.C. § 1446(b) as service of the

25   summons and complaint was effected on February 2, 2017.  Wells Fargo has not

26   appeared in the State Court Action, *Destfino v. Reiswig, et al.,* 630 F.3d 952, 956

27   (9th Cir. Cal. 2011) ("we hold that each defendant is entitled to thirty days to

28   exercise his removal rights after being served").

1    The other defendants are Does, which are ignored for diversity purposes.

2    Thus, no other joinders are required to perfect removal of the State Court Action,

3    including any Doe defendant.  *Salveson v. Western States Bankcard Ass'n*, 730

4    F.2d 1423, 1429 (9th Cir. 1984).

5    ## 5.    OTHER PERTINENT INFORMATION

6    A.    Pursuant to 28 U.S.C. § 1446(a), Wells Fargo files this Notice in the

7    District Court of the United States for the district and division within which the

8    State Court Action is pending.  As such, this case is being removed to the United

9    States District Court for the Central District of California, Southern Division

10    because the State Court Action is pending in Orange County.

11    B.    **This case should be related to Plaintiff's prior lawsuit that was**

12    **litigated (and dismissed) by this Court: *Simmonds v. Wells Fargo*, Case No.**

13    **8:13-cv-00294-JVS (RNBx) (Hon. James V. Selna).**

14    C.    Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice with its

15    attachments will promptly be served on plaintiff  in the State Court Action, and

16    notice thereof will be filed with the clerk of the Orange County Superior Court.

17    WHEREFORE, defendant Wells Fargo hereby removes Orange County

18    Superior Court Case No. 30-2017-00900269-CU-OR-CJC to the United States

19    District Court for the Central District of California, Southern Division.

20

21                                    Respectfully submitted,

22    Dated:  February 27, 2017        ANGLIN, FLEWELLING, RASMUSSEN,
                                       CAMPBELL & TRYTTEN LLP

23

24                                    By: _s/ David M. Newman_
25                                       David M. Newman
                                         dnewman@afrct.com
26                                       Attorneys for WELLS FARGO

27

28

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

**CERTIFICATE OF SERVICE**

I, the undersigned, declare that I am over the age of 18 and am not a party to this action. I am employed in the City of Pasadena, California; my business address is Anglin, Flewelling, Rasmussen, Campbell & Trytten LLP, 301 N. Lake Avenue, Suite 1100, Pasadena, California 91101-4158.

On the date below, I served a copy of the foregoing document entitled:

**WELLS FARGO'S NOTICE OF REMOVAL 28 U.S.C §§ 1441(b) & 1332 [DIVERSITY JURISDICTION]**

on the interested parties in said case as follows:

**Served By Means Other than Electronically
Via the Court's CM/ECF System:**

***Counsel for Plaintiff:***

Michael A. Younge, Esq.
Law Office of Michael A. Younge
180 N. Riverview Drive #210
Anaheim, California 92808
Tel: (714) 242-4027
Fax: (714) 282-1401

☒    **BY MAIL:** I am readily familiar with the firm's practice of collection and processing correspondence by mailing. Under that same practice it would be deposited with U.S. Postal Service on that same day with postage fully prepaid at Pasadena, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made. This declaration is executed in Pasadena, California on February 27, 2017.

| Lina Velasquez | /s/ Lina Velasquez |
|---|---|
| (Type or Print Name) | (Signature of Declarant) |